### John Thomas v. Lizzie Thomas.

1. DIVORCE—*Allowance for Temporary Alimony in 1897 Not a Bar to a Like Order in 1902.* —The allowance and payment of a small sum in 1897, for temporary alimony and solicitor's fees, does not bar another like order in 1902 in another suit.

2. SAME—*Wife Entitled to an Allowance to Defend Against Husband's Bill.*—A wife is entitled to an allowance to enable her to defend against her husband's bill, and for support during the pendency of the bill.

**Bill for a Divorce.**—Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 21, 1903.

BUTTERS & CARR, attorneys for appellant.

DUNCAN & DOYLE, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 26, 1902, John Thomas filed a bill against his wife, Lizzie Thomas. for divorce on the ground of desertion. She answered, denying the assertion, and filed a cross-bill

for divorce on the ground of cruelty, and he answered the cross-bill. The pleadings show that since June 17, 1897, she has had the sole care of their three children, now aged twelve, nine and seven years. She filed a petition stating that she was without the necessary means to properly support herself and children during the pendency of the suit, and to defray the costs and expenses thereof, and asking that her husband be required to pay her a reasonable sum for her support and maintenance during the pendency of the suit, and such sums as may be necessary to enable her to carry on her defense, pay solicitor's fees and to defray the other necessary costs and expenses thereof, and for other and further relief. Upon a hearing of said petition the court awarded her $250 for her support during the pendency of the suit. At the time of that order the husband moved the court for an order that his wife deliver to him the custody of the children. The court reserved that motion to the final hearing of the cause. The husband appealed from the order, and assigns for error that the court should have refused any allowance, that the allowance is excessive, and that the court should have given him the custody of the children at once. As to the custody of the children, we think it only necessary to say that as the wife has had the sole care of the children since 1897, no reason is shown why she should not retain them till the final hearing.

Appellant proved that in 1897 his wife filed a bill against him for separate maintenance, and in that cause during that year obtained an order that he pay $50 for her solicitor and $50 for alimony pending said suit. The bill was based upon charges of cruelty, and it is argued here that that former proceeding is a bar to an order for temporary alimony in this suit. Appellant did not prove how that suit terminated, or whether it is still pending. It may have been settled, or dismissed for want of prosecution, or decided in favor of the wife, or it may be still pending. Whether the result of that suit will in any way affect the decision of this suit can not be determined till this suit is tried. No order in that case is shown which bars the right

to temporary alimony in this suit.   The allowance and payment of a small sum in 1897 (if it was paid) for temporary alimony and solicitor's fees does not bar another like order in 1902 in another suit.

Appellant owns real and personal property worth $6,000 to $9,000 over and above all his secured and unsecured debts, according to his sworn answer to the cross-bill.   His wife has the life use of eighty-four acres of land, subject to the payment of taxes and the duty of keeping the land in good condition; and some years ago she received between $500 and $600 from her father's estate.   Under all the circumstances disclosed in this record it is not unreasonable to allow her $250.   We can not determine the merits of the bill and cross-bill now.   Even if the cross-bill were barred as claimed, the wife would be entitled to allowance to enable her to defend against her husband's bill, and for support during the pendency of the bill.   The order is not as broad as the petition, but allows that sum "for her support during the pendency of this suit."   It is urged this leaves appellant subject to an application for another order for money for the support of the children, and to still another for solicitor's fees.   No doubt this was an inadvertence which would have been corrected if attention had been called to it in the court below.   The order will be so modified here as to make the allowance of $250 apply upon her support and maintenance and the support and maintenance of the children during the pendency of this suit in the Circuit Court, and to apply upon her solicitor's fees in the Circuit Court, and without prejudice to her right to make an application for a further allowance if circumstances not foreseen when this order was entered shall require it, or if the litigation in the Circuit Court shall be so protracted and severe as to make another application reasonably necessary.

As so modified, the order is affirmed.